## ROY O. WILLIAMS v. CHICAGO GREAT WESTERN RAILWAY COMPANY.[1]

July 22, 1955.

No. 36,714.

*Grannis & Grannis, Catherwood, Hughes & Alderson,* and *Glenn Kelley,* for appellant.

*Hvass, Weisman, Peterson, King & Schwappach,* for respondent.

PER CURIAM.

The above action was commenced to recover damages for alleged personal injuries. It was scheduled for trial on October 4, 1954, in the district court of Mower county at Austin, Minnesota. Defendant claimed that on October 3, as a result of negotiations between the then attorneys for plaintiff and attorneys and claim agent of the defendant, a settlement was agreed upon. The settlement papers including a stipulation for dismissal, check, and a release were prepared and forwarded to plaintiff's attorneys by the attorneys for defendant. Plaintiff refused to sign and contends that he never authorized his attorneys to settle the case. He thereupon discharged his attorneys and procured his present attorneys to act in their place. Thereafter, a motion was made by defendant for an order requiring plaintiff to perform the settlement. Based on affidavits submitted for and against the granting of such motion, the court denied the same. Defendant appealed from such order. Plaintiff

[1]Reported in 71 N. W. (2d) 903.

now moves to dismiss the appeal on the grounds that it is nonappealable.

It is elementary that appeals to this court are governed by statutes. Defendant contends that this order is appealable as coming within one or all of subds. 2, 3, 5, and 7 of M. S. A. 605.09. Section 605.09 reads in part as follows:

"An appeal may be taken to the supreme court by the aggrieved party in the following cases:

\* \* \* \* \*

"(2) From an order granting or refusing a provisional remedy, or which grants, refuses, dissolves, or refuses to dissolve, an injunction, or an order vacating or sustaining an attachment;

"(3) From an order involving the merits of the action or some part thereof;

\* \* \* \* \*

"(5) From an order which, in effect, determines the action, and prevents a judgment from which an appeal might be taken;

\* \* \* \* \*

"(7) From a final order, affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment."

We are of the opinion that the order comes within none of the subdivisions mentioned above. The order is not appealable, and the appeal should be and is hereby dismissed.